IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUE A. MEYERS, INC. )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ILLINOIS DEPARTMENT OF )<br>TRANSPORTATION, and RANDALL )<br>S. BLANKENHORN, DIRECTOR, ILLINOIS )<br>DEPARTMENT OF TRANSPORTATION )<br>)<br>    Defendants. ) | CASE NO.: 18-CV-<br><br>TRIAL BY JURY REQUESTED |

## **COMPLAINT**

The Plaintiff, SUE A. MEYERS, by her attorney, Greg Roosevelt, for her Complaint against the Defendants, Illinois Department of Transportation and Randall S. Blankenhorn, Director, Illinois Department of Transportation, states as follows:

1. Sue A. Meyers is a citizen of the Southern District of Illinois who operated a business, Sue A. Meyers, Inc. in Wayne City, Wayne County, Illinois.

2. The Illinois Department of Transportation is a citizen of the Southern District of Illinois operating in the State of Illinois and its director, Randall S. Blankenhorn, operates roads and does road projects throughout the Southern District of Illinois providing transportation services of various natures funded by state and federal funds.

3. In 2012, the Illinois Department of Transportation initiated a project in Williamson County, Illinois in a letter of January 20, 2012.

4. In that project, F.H. Paschen, S.N. Neilsen and Associates LLC, 5515 NE River Road, Chicago, Illinois 60656 was awarded a bid in Contract No. 78182.

5. F.H. Paschen then awarded a contract to Sue A. Meyers, Inc. for trucking of aggregate and asphalt for the approximate amount of $1,597,340.00.

6. Sue A. Meyers is a female qualified under the DBE Utilization (Plan) as a minority contractor.  Sue A. Meyers, being a female, met their qualifications and had been approved as a DBE provider by the Defendant Illinois Department of Transportation.

7. Sue A. Meyers began work on the project on or about March 5, 2012.  Plaintiff entered into a contract with F.H. Paschen, S.N. Neilson and Associates LLC to provide services.  That contract is attached and made a part by reference and is marked as Exhibit 1.

8. Paschen agreed to pay the Plaintiff the sum of at $1,597,340.00 for the hauling of construction materials by Plaintiff as to that construction project in Williamson County.

9. Plaintiff entered into the performance of the conditions of the contract and performed the same.

10. In May, 2013, Paschen, without cause, discharged Plaintiff and directed Plaintiff to refrain from the performance of any further service of the contract and by said acts rendered it impossible for Plaintiff to complete the performance of the contract.

11. The Defendant Illinois Department of Transportation wrote a letter on May 6, 2013 by its Bureau of Small Businesses Chief Debra A. Clark in which Clark claimed Meyers did not meet the DBE program commitment in that she did not have at least one fully licensed insured and operational truck used on the contract.

12. The letter further alleged that Meyers was guilty of fraud under Illinois Public Act 096-1551 Section 17-10.3(d) and was guilty of a Class II Felony.  Defendant should reasonably have known when it communicated that allegation of criminal conduct that it was not true.

13. The Plaintiff had met the requirements of the DBE program and was performing a commercially useful function under 49 C.F.R. Part 26 which required that the trucking company must own at least one truck of its own. Sue A. Meyers, Inc. did own as least one truck of her own and submitted documentation to IDOT which proved the same. The U.S. Department of Transportation has specifically stated that it would be inconsistent with Part 26 for a recipient, a governmental entity accepting federal funds, to require DBE trucking companies to own two or more trucks in order to be regarded as performing a commercially useful function.

14. The Illinois Department of Transportation further entered an interim suspension of Plaintiff's certification under the DBE program.

15. The Plaintiff retained counsel and Plaintiff and her attorney met repeatedly with IDOT officials in Springfield, Illinois in order to attempt to resolve the matter and to cause the suspension to be lifted. IDOT never acted upon lifting the suspension and never withdrew its allegation of fraud and criminal conduct. IDOT should reasonably know that its action was ill founded, without justification. IDOT's attorney in a meeting admitted that the only requirement that was described under Part 26 under the federal register which required only the ownership of one truck and it was improper to require more. Plaintiff submitted proof of said ownership to IDOT which ignored that evidence.

16. As a direct result, Plaintiff has been unable to obtain work in her field as a trucking contractor under the DBE program with the State of Illinois her status has been ruined. Plaintiff lost substantial monies on the Paschen project after IDOT alleged that Plaintiff was engaged in fraudulent practices on the project and the Plaintiff has been burdened by an interim suspension and unable to work.

17. Plaintiff's freedom under the U.S. Constitution has been abridged by the State of Illinois which has failed to act upon the information she provided, who has wrongfully interfered with her contractual relationship with Paschen by informing Paschen that she was guilty of a Class II Felony, Fraud in performing her services under the contract with Paschen, and the State of Illinois has further abridged her liberty interests in pursuit of her career which is operating a trucking company under the DBE program.

18. The Plaintiff and her daughter traveled to Springfield, Illinois and met with an IDOT official on July 24, 2017. During the meeting, the IDOT official admitted that the interim suspension should have been removed. He stated during the meeting that he was then removing the suspension. This was more than four years after the suspension was announced.

19. The Plaintiff has suffered substantial lost profits, been improperly maligned in the trade and business in which she is engaged, and her liberty interest abridged in pursuing her career as a DBE contractor with the State of Illinois, resulting in lost profits and revenue which Plaintiff reasonably believes would have been in excess of at least $5,000,000.00 during the last four years.

WHEREFORE, the Plaintiff seeks judgment against the State of Illinois, Illinois Department of Transportation, and its director, Randall S. Blankenhorn, in an amount in excess of $5,000,000.00.

Respectfully submitted,

/s/ Greg Roosevelt
Greg Roosevelt, #02375427
Roosevelt Law Office
610 St. Louis Street
Edwardsville, Illinois 62025
(618) 656-9160
(618) 692-9718 Fax
gregroosevelt@gmail.com