IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUE A. MEYERS, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 18-CV-1357-RJD |
| DEBRA A. CLARK and BILL GRUNLOH, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Before the Court is Defendants' Amended Motion to Dismiss (Doc. 40), Plaintiff's response (Doc. 43), and Defendants' reply (Doc. 45). For the following reasons, the Motion is **GRANTED**.

## Background

According to the First Amended Complaint (Doc. 28), in 2012, FH Paschen, a construction company, was awarded a contract by the State of Illinois for a road project in Marion, Illinois. Paschen contracted with Plaintiff Sue A. Meyers, Inc. ("Meyers"), a trucking company that qualified as a Disadvantaged Business Enterprise (DBE), to perform materials transportation for the project. The contract was worth $1,597,340.00. Meyers began work on the project on March 5, 2012.

In May of the following year, Paschen terminated its contract with Meyers after receiving notification from the Illinois Department of Transportation's ("IDOT") Bureau Chief, Debra A. Clark, that Meyers did not meet the qualifications of a DBE. Shortly thereafter, on July 20, 2013, IDOT's Chief Procurement Officer, Bill Grunloh, issued a Notice of Suspension, suspending

Meyers' participation in the DBE program. Meyers retained counsel and spent the next couple of years attempting to resolve its status. On July 24, 2017, IDOT's Bureau Chief of Claims, Jim Sterr, indicated that the suspension would be removed.

Meyers filed its original Complaint in this Court on July 6, 2018 and a First Amended Complaint naming the current Defendants on May 24, 2019 (Doc. 28). In the First Amended Complaint, Meyers alleges that Defendants "abridged" its "freedom under the U.S. Constitution" and its liberty interests and "wrongfully interfered" with its contractual relationship with Paschen. It claims Defendants' actions resulted in at least $5,000,000 in lost profits and revenues because it was prevented from pursuing its business due to the suspension of its status as a DBE.

## Discussion

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a Complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court must also draw all reasonable inferences and facts in favor of the plaintiff. *See Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014).

Defendants argue that Meyers' federal claim is barred by the statute of limitations for "stigma-plus" due process claims. Meyers, Inc. does not challenge Defendants' characterization of its federal claim. A statute of limitations defense is an affirmative defense that generally would not be asserted in a motion to dismiss. Fed.R.Civ.P. 8(c). However, "the statute of limitations

may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).

In order to plead a "stigma-plus" due process claim, a plaintiff must sufficiently allege: "(1) that [it] had a cognizable liberty interest under the Fourteenth Amendment; (2) that [it] was deprived of that liberty interest; (3) and that the deprivation was without due process." *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013). A plaintiff can show a liberty interest by alleging that a defamatory statement resulted in a material alteration of its legal status. *Hannemann v. S. Door Cty. Sch. Dist.*, 673 F.3d 746, 753 (7th Cir. 2012). Here, Meyers alleges that Defendants cast doubt on its character by stating that it violated Illinois law and is not a DBE, which made it impossible for it to pursue its trucking/hauling business. This is sufficient to assert a protected interest under the "stigma plus" standard. Meyers further alleges that it was deprived of its liberty interest when IDOT revoked its DBE status and that it did so without affording Meyers due process. These allegations state a colorable due process claim. This does not end the Court's inquiry however.

While not mentioned in the First Amended Complaint, Meyers, Inc.'s due process claim is brought pursuant to 42 U.S.C. § 1983. The statute of limitations for claims under § 1983 is borrowed from state law and is two years in Illinois. *Moore v. Burge,* 771 F.3d 444, 446 (7th Cir. 2014). In applying the statute of limitations, the Court must first identify the injury and then "…must determine the date on which the plaintiff could have sued for that injury." *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004). The date on which the claim accrues and thus begins the running of the limitations period is a matter of federal law and generally occurs when a plaintiff knows or should know that his or her constitutional rights have been violated. *Moore,* 771 F.3d at

447.

Based on the allegations in the First Amended Complaint (Doc. 28), Meyers' contract with Paschen was terminated in response to a letter Paschen received from Clark dated May 6, 2013, stating that Meyers was not a DBE business. *Id* ¶ 10. Meyers was informed of the contents of the letter May 10, 2013 by correspondence from Douglas Pelletier of Paschen. *Id*. ¶ 13. Meyers' DBE status was subsequently suspended on July 20, 2013 by Grunloh. *Id*. ¶¶ 15-16. As such, Meyers' claim accrued on July 20, 2013 at the latest and the limitations period expired on July 20, 2015.

Meyers did not commence the instant lawsuit until July 6, 2018 and did not name the individual Defendants until it filed the First Amended Complaint on February 7, 2019 (Doc. 21). Thus, its due process claim appears untimely on its face. But Meyers argues that Defendants' actions constituted a continuing violation that was not complete until 2018. "A continuing violation is one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period." *Dasgupta v. University of Wisconsin Bd. Of Regents*, 121 F.3d 1138, 1139 (7th Cir. 1997).

There was no series of acts that led to the due process violation Meyers alleges. Rather, the alleged violation was or should have been clear to Meyers on May 10, 2013 when it was advised that its Contract with Paschen was cancelled, or at the latest, on July 20, 2013 when it was advised its DBE status was suspended. *Wallace v. Kato*, 549 U.S. 384, 391 (2007) ("Under the traditional rule of accrual the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable." (quotation marks, editing

marks, and citation omitted)). While Meyers spent the next few years attempting to reverse the suspension, its actions do not affect the accrual date. *See Dasgupta*, 121 F.3d at 1140.

Meyers also argues that the limitations period should be equitably tolled. Specifically, it claims it was "impossible" for it to know the "finality of [its] suspension as a DBE contractor" until July 24, 2017 when it was told that the suspension was a nullity (Doc. 43, p. 2), and asserts that Defendants' "purposely dilatory and fraudulent" actions amount to fraudulent concealment that tolled the limitations period. Equitable tolling applies when "'the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way.'" *Rosado v. Gonzalez*, 832 F.3d 714, 717 (7th Cir. 2016) (quoting *Clay v. Kuhl*, 727 N.E.2d 217, 223 (Ill. 2000)). Notwithstanding Meyers' arguments, there is no suggestion from the allegations in the Amended Complaint that Clark and/or Grunloh were actively misleading it or preventing it from filing suit in a timely manner.

To the extent that Meyers, Inc. is also asserting state law claims (the First Amended Complaint is not clear), this Court declines to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3)(3); *See Wright v. Associated Ins. Companies, Inc.*, 29 F.3d 1244 (7th Cir. 1994).

## Conclusion

For the above reasons, Defendants Debra A. Clark and Bill Grunloh's Amended Motion to Dismiss (Doc. 40) is **GRANTED**. Meyers, Inc's § 1983 claim is **DISMISSED with prejudice** and any state law claims are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** December 18, 2019

            *s/ Reona J. Daly*
            **Hon. Reona J. Daly**
            **United States Magistrate Judge**